TRINA A. HIGGINS, United States Attorney (#7349)
MICHAEL J. THORPE, Assistant United States Attorney (# 11992)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL AUSTIN FORD, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 2:24-CR-00048-DS |

☒  The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☒ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f).

During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

 ☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
  ☒ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

Defendant is charged with violation 18 U.S.C. §§ 844(f)(1) and (f)(2). Arson when charged pursuant to subsection (f)(2) is an offense specified under 18 U.S.C. § 2332b(g)(5)(B), which Section 3142 specifically identifies as having a rebuttable presumption.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

Arson, by its very nature, involves a grave threat to life and property. Congress has reflected that dangerousness by categorizing the specific offense to which Defendant has been charged as both a basis for detention and the basis for a rebuttable presumption of detention.

Defendant's actions in setting a school bus on fire was particularly perilous because it occurred on roadways trafficked by other motorists (Count 2) and with 42 children inside the bus (Count 1). Defendant's dangerous and criminal conduct endangered members of the community and, more specifically, school children! The Court should find that the nature and circumstances of the offense demonstrate Defendant's dangerousness and weigh heavily in favor of detention.

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

Defendant's behavior was captured in multiple video recordings. Fire investigators have reviewed the evidence from both fires alleged in the Indictment and have concluded that both stem from an incendiary source.

There is video evidence on Count 2 of the Indictment of the Defendant using an ignition device to start a fire on the bus he was driving. *See* Ex. 1.



Ex. 1

The Defendant is captured on video continuing to drive the bus, despite an open flame burning in the dash area right next to his left leg and below his left hand. *See* Ex. 2.



Ex. 2

Minutes after the Defendant started the fire, he continues to drive the bus, undeterred by both open flame and smoke billowing past his face. *See* Ex. 3.



Ex. 3

The entire fire, and the Defendant's casual and long-delayed efforts to extinguish that fire, are captured on video. Moreover, in the days preceding the arson alleged in Count 2, there is video evidence of the Defendant attempting to tamper with the bus's video surveillance system. He is captured on video covering up the video camera above the driver's seat before he is recorded tampering with the system.

With respect to Count 1 of the Indictment, video captures the Defendant driving the bus with smoke billowing past his face.  Undeterred by the smoke, the Defendant only stops the bus when children are seen and heard on video coughing, covering their faces, and complaining about smoke.

The Court should find that this factor weighs in favor of detention.

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

Defendant has acknowledged to investigators his involvement in three prior bus fires for busses he was driving. These fires occurred in 2017, 2016, and around 2001 or 2002. For the 2017 incident, there appears to have been an origination of the fire in the front dash area of the bus, as is the case in the arsons alleged in the Indictment.

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

As set forth more fully above in the factual summary, Defendant's behavior was dangerous.  This factor, again, weighs in favor of detention.

☒  Other reasons including:

In April 2023, the Defendant had been arrested by Granite School P.D. and questioned about the fire on his bus days earlier. He was released. While the various arsons were being investigated by the Fire Marshal and law enforcement, in October 2023 Defendant's home and personal vehicle were severely damaged by fire.  This would be the second time the Defendant's home had suffered serious fire damage. The Defendant has also acknowledged two other personal vehicle fires.

A single flame can become an uncontrolled fire, however constrained at the outset.

This Defendant, regardless of attempts to constrain his conduct, will pose a danger to the community if released. There are no conditions or combination of conditions that would reasonably assure the safety of the community were Defendant released. Therefore, the Defendant should be detained pending trial.

## Victim Notification

☒ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of one of the victims on the detention of the defendant is that he should remained detained.

DATED this 22nd day of February 2024.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

*/s/ Michael J. Thorpe*

MICHAEL J. THORPE
Assistant United States Attorney